Tbe opinion of tbe Court was delivered by
WITHERS, J.
An action, in the form of trespass to try title, was instituted by these plaintiffs against tbis defendant, by a capias ad respondendum, returnable to tbe Eall Term of tbe Court of Common Pleas for Sumter District, in tbe year 1840, whereby the defendant was required to answer wherefore, “ into a certain plantation or tract of land of them tbe said plaintiffs, situate on tbe waters of Santee river, be broke and entered.” At tbe Eall Term of tbe said Court, in 1841, tbis defendant entered up judgment against these plaintiffs, because “ they do not come and further prosecute their suit,” wherefore it was adjudged that tbe defendant have bis costs, and execution for tbe same, and go without day, and so forth.
Tbe writ in tbe present case was returnable to tbe Eall Term of 1853, is between tbe same parties, and is also an action of trespass to try title. It calls upon tbe defendant to answer, in tbe same Court aforesaid for Sumter District, wherefore, “a certain plantation and close of tbe plaintiffs, situate, lying and being in tbe District and State aforesaid, tbe defendant did break and enter,” and so forth.
Tbe plaintiffs let fall their first action aforesaid, about twelve years before tbe second one was instituted.
Tbe first question raised is, whether tbe plaintiffs be not *32 barred of tbe present action, by force of tbe first section of tbe Act of 1744, 3 Stat. 612, , ,
That section supersedes as well tbe common law rule, that ejectment might; be maintained by successive actions ad libitum, as tbe qualification of that rule by tbe fourth paragraph of tbe Act of 1712, which made one unsuccessful action by a plaintiff “ conclusive and definitive on tbe plaintiff’s part forever.” 2 Stat. 584.
Tbe doctrine of estoppel by matter of record, is not strictly applicable to this case. Tbe first action brought by these plaintiffs never reached an issue, there was no confession, no verdict, tbe action- was let fall upon writand waiving the inquiry whether that can be called a record, the judgment entered up was merely that defendant have his costs and go without day. But it is not intended to deny that what a party had an opportunity to litigate before a Court of competent jurisdiction, and did not, is effectually concluded against him, quoad hoc. The question here must be resolved by the rule prescribed in the Act of 1744; for there was an action by these plaintiffs against this defendant, brought by way of claim to land, and in the form substituted in lieu of ejectment, and it was let fall more than two years before the present one was instituted. If the land was the same now claimed, the plaintiffs are “ debarred and forever excluded of and from any further action or suit for the recovery of the said land.” •
The question, therefore, is reduced to this: is it the same land claimed in both actions ? Eor it is too clear to admit of discussion, that the subject matter must be the same if the statute is to work a bar to the second action.
We have no evidence of identity except what has already been set forth, to wit., the claim was and is for land situate in Sumter District; in the first case described merely to be “ on the waters of Santee river,” and in the other as “situate, lying and being in the District and State aforesaid.” How much *33 more of specific description may bave appeared in tbe declaration in tbe present case, we are not informed, but however minnte tbe description may bave been, it could scarcely, in and of itself, bave excluded tbe conclusion, that tbe first action may bave been for a different parcel of land “ situate on tbe waters of Santee river.”
Tbe doctrine as to estoppel by tbe common law, and in pleading may afford a good rule for tbis point, tbougb tbe bar bere seems not to bave been pleaded. There must be, in estoppels, a certainty “ to a certain intent in every particular,” Coke Lit. 3.03, a.; every estoppel, because it concludetb a man to allege tbe truth, must be certain to every intent, and not to be taken by argument or inference.” lb. 352, b. “ It ought to be a precise affirmation of that which maketb 1¡he estoppel.” Ib. One general form of expression when it may be said that an estoppel is not established, however that species of defence may be adduced, is, where tbe allegation in the record is uncertain. Surely, if we treat tbe first writ by these plaintiffs as tbe record, or as tantamount to such, for tbe purposes of tbis question, we may safely say tbe allegation is glaringly uncertain as to any precise parcel of land claimed to bave been invaded, and totally devoid of any matter by which it can be identified, as tbe parcel of land now in question.
It is contended, however, that tbe presumption should be in favor of tbe identity of tbe cause of action in both cases, and tbe burthen to show tbe contrary upon the plaintiffs. No authority is cited for tbis, and tbe force of tbe argument seems to be opposed to it.' Eeliance is placed upon a former writ as a bar or a sort of estoppel, such as arises out of tbe Act of 1744. Suppose it to be regarded a record, and pleaded instead of being offered in evidence. Tbe record would be judged by itself, no averment would be allowed against it, none to vary its import, if precise and certain. In such an attitude of tbe contest, tbe defendant would fail to maintain *34 tbe identity of tbe canse of action on tbe two occasions. If tbe same matter be offered in evidence, and it fails for tbe purpose, proprio vigore, it must be incumbent on bim wbo pleads, or adduces as evidence on another issue, tbe same instrument, on bim wbo affirms, to attach to tbe instrument beld up as a bar or estoppel, that precision which is demanded and is indispensable to give it that effect. If that might be done under tbe lead of Henderson vs. Kenner, 1 Rich. 474, it is enough to say that it was neither done nor proposed to be done; for we do not learn from tbe report that any parol evidence was offered to give point and precision to tbe cause of action contained in tbe writ of 1840. Tbe generality of complaint in a writ and of allegation in the declaration, usual in our actions of trespass to try title, may work tbe very difficulty which tbe defendant encounters in this case, if be be indeed disabled thereby to show what is true, but that is nothing to tbe purpose of tbe present question.
Tbe second ground of appeal complains of tbe verdict, because there was no evidence of trespass by Moses M. Ben-bow, whatever may be true as to bis son Pinckney. It was in evidence that Pinckney claimed nothing for himself, that he went upon land claimed by his father, tbe defendant, that tbe father knew tbe occupation by bim of tbe locus in quo, and did not blame or forbid it, that be referred in general to this action, as interposing embarrassment to a sale of tbe lands to which be referred in the conversation with Hanks, and if tbe action embraced other parcels as well as tbe locus in quo, it was for the jury to say whether he meant to include also tbe latter, as being in contest between bim and the plaintiffs. All this evidence was fit for tbe jury and for tbe jury only, and they have affirmed that it proved the defendant to be a trespasser. We cannot affirm that he was not, nor that there was no evidence be was; and the fact that if tbe continued adverse possession of Pinckney bad ripened into a divestiture of tbe plaintiffs’ title, it would have inured to tbe advantage *35 of tbe defendant, on tbe law of landlord and tenant, disinclines* to refrain from setting aside tbe verdict, although we see that tbe testimony to establish a trespass by tbe party sued was meagre.
What is just uttered may apply also to tbe third ground, if indeed that has not been settled by tbe former judgment in this case; vide. 9 Rich. 15. . Qui facit per alium facit per se, teaches that if one authorizes a tortious act, as by illegally putting a tenant in possession of land, or instigating him to any other trespass, or confederates in tbe perpetration of it, be is responsible; and so be may be a trespasser by relation, that is by sanctioning a trespass committed for bis benefit. It cannot be that a plaintiff would be obliged to sue alone tbe representative of another in unlawful possession of land to tbe exoneration of tbe principal, else it may happen that be would be confined to tbe pursuit of an irresponsible adversary, and visited with a barren judgment, while be who instigates and reaps tbe fruits, may rest secure. Among trespassers tbe plaintiff may elect whom be will sue, and be has done only this in tbe present instance.
Tbe Act of 1744, does indeed look to tbe quieting of possession of land; but tbe possession of a tenant is that of bis landlord, and tbe jury have found such to be tbe fact in this instance.
Tbe motion is dismissed.
O’Neall, Wardlaw, Whither, Glover and MüNro, JJ., concurred.

Motion dismissed.

 Inclines us. Qu ?